IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| LAKENDAL BATES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: |
| SELCO, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

NOW COMES, plaintiff, Lakendal Bates by and through his attorney Stephen T. Fieweger, P.C. and for his Complaint and Jury Demand against the defendant Selco, Inc., and in support of his complaint hereby states as follows:

1. That plaintiff Lakendal Bates is a resident of Davenport, Scott County, Iowa and at all times material to this cause of action is an African American.

2. That defendant Selco, Inc. is a corporation which provides safety equipment leasing for traffic control and is doing business in Blue Grass, Scott County, Iowa.

3. That this court has subject matter jurisdiction over this cause of action pursuant to 28 USC §1331 and 42 USC §2000 e-1 et seq.

4. That plaintiff has timely filed his charge of race discrimination and retaliation and has received his right to sue letter from the Equal Employment Opportunity Commission and has therefore exhausted his administrative remedies. **Exhibit 1**, a true and correct copy of the right to sue letter is attached hereto and made a part of this complaint.

5. That plaintiff Lakendal Bates was employed through a temporary employment agency and was placed as a worker at Selco, Inc. in May 2016.

6. That while working at the Selco, Inc. Blue Grass facility the facilities manager Dustin Schemehorn placed a sign on the water cooler that stated "white man water only."

7. That on May 5, 2016 Lakendal Bates complained about this sign to his temporary employment agency manager and sent a picture of the sign to them.

8. That on May 6, 2016 Lakendal again complained about the sign placed on the water cooler to his employment agency manager and sent another picture of it to her.

9. That thereafter plaintiff was no longer working for Selco, Inc.

## Count I – Race Discrimination in Employment

1-9. Plaintiff repeats and realleges the allegations in paragraphs one through nine as paragraphs one through nine herein.

10. That the defendant Selco, Inc. has committed race discrimination in employment by having its supervisor at the Blue Grass, Iowa plant, Dustin Schemehorn place a "white man water only" sign on the water cooler. Such signage created hostile work environment for Lakendal.

12. That as a direct and proximate result of the action of race discrimination plaintiff Lakendal Bates has sustained damages equal to lost back pay, emotional distress damages, and is entitled to recovery of his attorney's fees, expert witness fees and the costs of this action.

13. That the defendant Selco, Inc. is strictly liable for the acts of its manger Dustin Schemehorn who placed the racially derogatory sign on the water cooler on May 5, 2016.

14. That Selco's manager's act was intentionally racially discriminatory thereby entitling Lakendal to recover punitive damages against Selco, Inc.

WHEREFORE, plaintiff Lakendal Bates hereby requests this court enter judgment in his favor and against the defendant Selco, Inc. in an amount equal to his lost back pay, recovery for

emotional distress damages, recovery of his attorney's fees, an award of punitive damages plus the costs of this action.

### Count II – Retaliation 42 USC §2000e-3

Now comes your plaintiff Lakendal Bates by and through his attorney Stephen T. Fieweger and for Count II of his complaint against the defendant Selco, Inc. states as follows:

1-9. Plaintiff repeats and realleges the allegations in paragraphs one through nine as paragraphs one through nine herein.

10. That after Lakendal complained twice about the placement of the sign on the water cooler by Dustin Schemehorn.

11. That the defendant Selco, Inc. retaliated against Lakendal Bates by no longer having him work for it at its Blue Grass, Iowa office.

12. After May 6, 2016 that as a direct and proximate result of the defendant Selco's retaliation plaintiff has sustained damages equal his lost back pay, is entitled to recovery compensatory damages for emotional distress, is entitled to recover his attorney's fees and the costs of this action.

13. That the defendant Selco, Inc. retaliation was willful and intentional in that its refusal to allow Lakendal Bates to work at its Blue Grass offices was the direct result of Lakendal's complaint of race discrimination with respect to the "white man's water only sign" being placed on the water cooler thereby entitling plaintiff to recover punitive or exemplary damages against the defendant.

WHEREFORE, plaintiff Lakendal Bates hereby requests that this court enter judgment in his favor and against the defendant and award him back pay, award him compensatory damages, award him attorney's fees and the costs of this action, and enter an award of punitive or exemplary damages plus the costs of this action.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

                                              Lakendal bates, Plaintiff

                                              /s/ Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Phone: 563.424.1982
Fax: 563.424.1983
Email: sfieweger@fiewegerlaw.com

EEOC Form 161-A (11/2020)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To: Lakendal O. Bates
1650 W 42nd Street
Davenport, IA 52806

From: Milwaukee Area Office
310 West Wisconsin Ave
Suite 500
Milwaukee, WI 53203

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 443-2016-01081 | Shernice K. Pierce, Investigator | (414) 662-3707 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman /th*      09/07/2021

Enclosures(s)      Julianne Bowman,      *(Date Issued)*
District Director

cc: AttN: Mark W. Wolff, Vice President
SELCO, Inc.
210 Second Street
PO Box 137
East Dubuque, IL 61025

**EXHIBIT 1**